UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BRYANT WICKS, | : | CIVIL NO. 3:12-CV-1614 |
| Plaintiff, | : | (Judge Mariani) |
| v. | : | |
| GOVERNOR TOM CORBETT, et al[1], | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff David Bryant Wicks ("Plaintiff" or "Wicks"), an inmate presently confined at the State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) Wicks has requested leave to proceed in forma pauperis in this action. (Docs. 2, 6)[2], and the Complaint therefore is before the Court for preliminary screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth herein, Wicks' request for in forma pauperis status will be granted for the sole purpose of filing the Complaint, and the Complaint will be dismissed with prejudice under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff names "Governor Tom Corbit" as the lead Defendant in this action. We have corrected the spelling of Governor Corbett's name in setting forth the caption in this Memorandum and accompanying Order.

[2] The Motion for leave to proceed in forma pauperis (Doc. 2) submitted by Wicks at the time of initiating this action was not on the proper form required to obtain that status in this Court. However, Wicks subsequently filed the proper form (Doc. 6), along with his authorization form (Doc. 7), in response to our August 17, 2012 Administrative Order (Doc. 4).

I.  **Allegations of the Complaint**

In his Complaint, filed on August 16, 2012, Wicks names as Defendants Governor Tom Corbett and the Court Administrator for the First Judicial District of Pennsylvania. He states that he "presently stands convicted as a felon" at SCI Rockview. (Doc. 1 at 2 ¶ 5.) Nevertheless, Wicks alleges that the lack of a savings clause in the Pennsylvania Constitution, as amended in 1968, resulted in the repeal of all state laws in force at the time of its ratification, and thus, any state criminal statutes under which Wicks was charged and convicted are invalid. (Id. at 3 ¶¶ 6, 8.) He therefore asserts that "all Commonwealth law enforcement officers, Magistrates, District Attorneys, and judges, are all actually liable to plaintiff for their willful violations of Federal Constitutions [sic]: Fifth, Sixth, Eighth and Fourteenth Amendments." (Id. at 3-4 ¶ 8.) Wicks elaborates that his Sixth Amendment rights were violated because he was denied the opportunity to present his criminal cases before a grand jury. (Id. at 4 ¶¶ 9-10.) He does not elaborate upon his Fifth, Eighth, and Fourteenth Amendment claims.

Wicks also includes allegations challenging the laws of Pennsylvania. First, he asserts that Purdon's Pennsylvania Statutes and Consolidated Statutes are in violation of the constitutional requirement of a "one subject title" and that he therefore is "left asking, what is the subject and nature of the laws used in his criminal complaint against him." (Id. at 5 ¶¶ 11-12.) Wicks also asserts that there is no statement within the Purdon's Pennsylvania Statutes, which he alleges are "completely edited, and published by the West Publishing Group", that the statutes are the "official laws of the legislature of Pennsylvania." (Id. at 6 ¶ 14.) Wicks further

alleges that, because Purdon's Pennsylvania Statutes are published by West Publishing Group, they are protected by copyright, which suggests that "the laws are derived from a private source, and thus are not true public laws." (Id. ¶ 15.)

In his request for relief, Wicks seeks a jury trial, one billion dollars in compensatory damages, and one hundred million dollars in punitive damages. (Id. at 7.)

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   Discussion**

Preliminarily, we observe that Wicks names Governor Corbett and the Court Administrator of Philadelphia County as Defendants, but fails to include any specific factual allegations against them in his Complaint. Wicks alleges generally that all law enforcement officers and members of the judiciary in Pennsylvania are liable to him civilly and criminally (<u>see</u> Doc. 1 at 3-4 8). However, he does not allege how Governor Corbett, who oversees the Commonwealth's executive branch, and the Court Administrator of the First Judicial District of Pennsylvania, who oversees the day-to-day operations of the Courts of Philadelphia County, are liable to him for any alleged violations of his constitutional rights. To establish liability for the deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a defendant. <u>Rode v. Delarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Such involvement may be established through: 1) personal direction or actual participation by the defendant in the misconduct; or 2) knowledge of and acquiescence in the misconduct. <u>Id.</u> Where Wicks has

failed to make any specific factual allegations against either of the named Defendants, he has failed to state a claim upon which relief may be granted against them.

Notwithstanding this flaw, for the reasons that follow, we find that providing Wicks with an opportunity to attempt to amend his Complaint to state a claim against the named Defendants would be futile. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As set forth above, Wicks specifically seeks compensatory and punitive damages based upon his claim that his conviction and confinement are unconstitutional. An award of monetary relief would implicate the validity of Wicks' criminal conviction. He therefore cannot pursue his claims regarding the constitutionality of his conviction unless he can demonstrate that his conviction has been declared invalid by a state tribunal or has been called into question by a federal court's issuance of a writ of habeas corpus. There is no indication from Wicks' Complaint that his conviction has been invalidated. Our review of the state court dockets reveals that, while Wicks appealed to the Pennsylvania Superior Court from a Judgment of Sentence entered by the Philadelphia County Court of Common Pleas on December 15, 2011,

that appeal remains pending, and thus no state tribunal has declared invalid the criminal conviction for which Wicks currently is incarcerated.[3] Where state court review of Wicks' criminal conviction has not yet been completed, Wicks also has not yet obtained federal habeas review of his claims, and thus he cannot demonstrate that his criminal conviction has been called into question by a federal court's issuance of a writ of habeas corpus. Consequently, Wicks has not made the necessary showing to allow him to pursue monetary damages based upon his alleged unconstitutional confinement. Because Wicks' conviction has not been determined to be unlawful, his claims asserted in the instant action are barred by Heck.

## IV. Conclusion

Based on the foregoing, we must dismiss Wicks' Complaint for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). Because no amendment to the Complaint would allow Wicks to state a claim upon which relief may be granted, amendment would be futile, and thus, we shall dismiss the Complaint with prejudice. See Alston, 363 F.3d at 235; Grayson, 293 F.3d at 108.

An appropriate Order will issue on today's date.

Robert D. Mariani
United States District Judge

---

[3] See Commonwealth of Pennsylvania v. David B. Wicks, 125 EDA 2012, available through Pennsylvania's Unified Judicial System Webportal, Appellate Courts Docket Sheets, http://ujsportal.pacourts.us/docketsheets/appellate.aspx

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BRYANT WICKS, | : | CIVIL NO. 3:12-CV-1614 |
| Plaintiff, | : | (Judge Mariani) |
| v. | : | |
| GOVERNOR TOM CORBETT, et al, | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, THIS 16th DAY OF OCTOBER, in accordance with the Memorandum issued on today's date, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for leave to proceed in forma pauperis (Doc. 6) is **GRANTED** for the sole purpose of filing the Complaint.

2. Plaintiff's previously filed Motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED** as moot.

3. The Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Clerk of Court shall **CLOSE** this case.

5. Any appeal from this Order will be deemed frivolous, lacking merit, and not taken in good faith.

Robert D. Mariani
United States District Judge